United States District Court

Eastern District of Louisiana

Amedee

v.                                              CIVIL ACTION NO. 2:03-cv-01533 S (1)

Zimmerman Reed PLLP


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, May 29, 2003.

By Direction of the Court

LORETTA G. WHYTE, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



ROY F. AMEDEE, JR.,   Civil Action No.

    Plaintiff,

versus

ZIMMERMAN REED, P.L.L.P.,

    Defendant.

03-1533

SECT. S MAG. 1

## NOTICE OF REMOVAL OF DEFENDANT ZIMMERMAN REED, P.L.L.P.

PLEASE TAKE NOTICE that Defendant Zimmerman Reed, P.L.L.P. ("Zimmerman Reed"), as attorneys pro se, hereby removes to this Court the state court action described below. Removal is warranted under 28 U.S.C. § 1441(b) because this Court has jurisdiction over a Federal question under 28 U.S.C. § 1331.

    1. On April 11, 2003, plaintiff Roy F. Amedee ("Amedee") filed an action in the 24th Judicial Court, Parish of Jefferson, titled <u>Roy F. Amedee, Jr. v. Zimmerman Reed, P.L.L.P.</u>, Case No. 593-187 ("the action"). A true and correct copy of the summons and petition in the action is attached hereto as Exhibit A.

    2. On or about April 14, 2003, Zimmerman Reed's agent for service of process was served with the summons and petition in the action. This notice of removal is therefore timely. Defendant has reserved its defense of insufficient process.

    3. No further proceedings have been had in the state court action.

    4. The action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court under 28 U.S.C. § 1441(b). The action



involves a Federal question, namely enforcement of a Federal Court Order issued in Orthopedic Bone Screw, MDL No. 1014, transferred to the United States District Court for the Eastern District of Pennsylvania. That Court, under its Pre-trial Order 1117 has exclusive jurisdiction over issues of attorneys fees arising from the Orthopedic Bone Screw Litigation.

5. Zimmerman Reed was, at the time of the filing of both this lawsuit and this Notice of Removal, a Limited Liability Partnership organized under the laws of the State of Minnesota with its principal place of business in Minnesota. Accordingly, Zimmerman Reed is a citizen of Minnesota. See 28 U.S.C. § 1332(c)(1).

6. Plaintiff alleges in her petition that she is a resident of the State of Louisiana. Based on this allegation, defendant believes plaintiff is a citizen of the State of Louisiana.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending.

8. No previous request has been made for the relief requested herein.

9. This Notice of Removal has been served on all named parties to the removed case.

Respectfully submitted,

ZIMMERMAN REED, P.L.L.P.

Ronald S. Goldser - #35932
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400

Attorneys Pro Se

Jerry W. Sullivan
LA. BAR NO. 17159
Leefe, Gibbs, Sullivan, Dupre' & Aldous
3900 N. Causeway Blvd.
Suite 1470
Metairie, LA 70002
Telephone: (504) 830-3990

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing Notice of Removal has been served upon counsel of record for all parties to this proceeding placing same in the United States mail, postage prepaid, properly addressed, this 9th day of May, 2003.

_____
Tina M. Olson

Subscribed and sworn to before me
this 9th day of May, 2003.

_____
Notary Public

JULIANNE M. VANNORMAN
NOTARY PUBLIC - MINNESOTA
ANOKA COUNTY
My Commission Expires Jan. 31, 2005

(101) Citation: PET BREACH CONTRACT;            030411-7997-3

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

ROY AMEDEE                          Case: 593-187    Div: "N"
versus                             P 1 ROY F. AMEDEE JR
ZIMMERMAN REED

To: ZIMMERMAN REED
651 NICOLLET MALL SUITE 501           LONG ARM SERVICE
MINNEAPOLIS MN 55402

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION BREACH OF CONTRACT of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within 30 CALANDER days after the service hereof, under penalty of default.

This service was requested by attorney ROY F. AMEDEE JR and was issued by the Clerk Of Court on the 11th day of April, 2003.

_____
Rosalinda B Toups, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

---

(101) Citation: PET BREACH CONTRACT;            030411-7997-3

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of _____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: Parish of _____ this _____ day of _____, _____.

SERVICE: $ _____      BY. _____
MILEAGE: $ _____                 Deputy Sheriff
   TOTAL: $ _____

EXHIBIT A

TWENTY FOURTH JUDICIAL DISTRICT COURT

FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 593-187                                    DIVISION

ROY F. AMEDEE, JR.

VERSUS

ZIMMERMAN REED, P.L.L.P.

FILED:_____

_____
DEPUTY CLERK

### PETITION FOR BREACH OF CONTRACT

The petition of Roy F. Amedee, Jr., a person of the full age of majority and a citizen and resident of the Parish of Orleans, State of Louisiana, with respect represents:

1.

Made defendant herein is Zimmerman Reed, P.L.L.P. domiciled in the City of Minneapolis, State of Minnesota.

2.

On October, 11, 1994, defendant, Zimmerman Reed, P.L.L.P. entered into an Attorney Referral Contract (hereinafter referred to as "the Contract") with ten (10) attorneys (hereinafter referred to as "the Attorney's"), seven (7) of which were domiciled in the State of Louisiana, regarding the referral of defendant Zimmerman Reed's clients to the Attorneys for the handling and prosecution of litigation against various manufacturers, distributors and others of "Pedicle Screw" spinal fixation devices. Under the terms of the Contract, defendant agreed to split the attorneys fees with the Attorney on a 50/50 basis. A copy of said referral contract is attached hereto and made a part hereof as though written herein in extenso as exhibit "A".

3.

Petitioner herein, is one of the Attorney's whom Zimmerman Reed, P.L.L.P. entered into the aforementioned Contract.

4.

The Attorneys fully performed all duties required under the Contract.

5.

From their fully staffed and operational offices in Jefferson Parish, State of Louisiana, the Attorneys performed numerous duties on behalf of defendant's clients including, but not limited to, the filing and serving of lawsuits on behalf of defendant's clients, managing files for defendant's clients for approximately six years, attending to discovery, responding to various motions, maintaining client contact, attending hearings and meetings in Philadelphia and other cities, and incurring substantial expenses in the prosecution of the claims of defendant's clients.

6.

In the years 2000 and 2002, defendant, Zimmerman Reed, P.L.L.P., received attorneys fees from AcroMed cases that were the subject of and governed by the Contract. The Contract calls for the referring attorney and the Attorneys to split the attorneys fees on a 50/50 basis.

7.

Despite amicable demand, defendant has refused to honor its obligations under the Contract and pay the Attorneys what they are owed.

8.

In addition, defendant has recovered costs on behalf of the Attorneys, but has refused to tender said amount to the Attorneys further breaching its obligations under the Contract.

9.

Defendant has had substantial and continuous contacts with the Parish of Jefferson, State of Louisiana, which subject it to the jurisdiction of this Court. For instance, more than one member of the defendant law firm came here from Minneapolis to work on the Pedicle Screw litigation. In addition, defendants continually communicated with the Attorneys in Jefferson Parish, Louisiana by mail and electronic communications, including, but not limited to phone, email and facsimile. Furthermore, the claims of several of the pedicle screw clients referred by defendant to the Attorneys were filed, managed (and ultimately negotiated and settled) by the Attorneys in the 24th JDC, Parish of Jefferson, State of Louisiana, in a case entitled <u>Michael Clark, et ux. v. St. Paul Fire and Marine Insurance Company et al.</u>, bearing docket number 402-988.

10.

Defendant, Zimmerman Reed, P.L.L.P., under the applicable provisions of the Contract is liable unto petitioner herein for an amount that does not exceed the sum of $74,999.00.

11.

Petitioner alleges that he is entitled to an accounting from Zimmerman Reed, P.L.L.P. of all funds received by it from any source resulting from the Pedicle Screw cases. The accounting should include all sums received designated as reimbursement of expenses, attorney's fees, or any other designation.

12.

It is necessary that a rule issue herein directed to the defendant, ordering it to show cause on a date and time to be fixed by the Honorable Court why it should not be ordered to provide a complete accounting of all funds received by it from Pedicle Screw claims, including but not limited to attorneys fees and reimbursed costs from any Pedicle Screw and any attorneys fees and reimbursed costs received from MDL No.1014,

13.

It is further necessary that a rule issue herein directed to the defendant, ordering it to show cause on a date and time to be fixed by this Honorable Court why Zimmerman Reed, should not be ordered to place into the registry of the Court all funds it has receive from Pedicle Screw cases into the registry of this Court to be disbursed as the Court deems appropriate.

14.

In the alternative, and only if this Court determines there is no valid enforceable referral contract between petitioner and defendant, then petitioner alleges that he is entitled to be paid for the work performed on the pedicle screw cases on a quantum merit basis, or any other equitable basis which the Court believes is appropriate.

**WHEREFORE,** your petitioner prays that the defendant be duly served with a copy of this Petition and cited to appear and answer same. That defendant be ordered to show cause why it should not be ordered to provide a complete accounting of all funds received from Pedicle Screw claims. Further, Petitioner prays that defendant be ordered to show cause why it should not be ordered to place all funds it has received from Pedicle Screw cases into the registry of this Honorable Court until appropriate disbursement is decided by this Court. That after due proceedings are had,

there be judgment rendered in favor of petitioners against said defendant in an amount commensurate with his obligations under the aforementioned Contract herein.

Respectfully Submitted,

ROY F. AMEDEE, JR. (#2449)
425 West Airline Highway, Suite B.
LaPlace, Louisiana 70068
Phone: (985) 651-6101

**PLEASE SERVE**
**VIA LONG ARM SERVICE**

Zimmerman Reed, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON