UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROY F. AMEDEE, JR.,           Civil Action No.

        Plaintiff,

versus

ZIMMERMAN REED, P.L.L.P.,

        Defendant.



**03-1533**

**SECT. S MAG. 1**

## ANSWER

Comes now the above Defendant, appearing specially only, and alleges as follows:

1. There exists insufficiency of process in this case;

2. There exists insufficiency of service of process in this case;

3. There exists lack of personal jurisdiction over this Defendant in this case;

4. There exists lack of subject matter jurisdiction over this case in this Court;

5. No signed contract was attached to the Petition, and Defendant denies that a signed contract exists between the parties; and

6. Not all parties in interest have been joined in this action.

Without waiving the foregoing, Defendant answers the Petition as follows:

1. Except as otherwise answered, denies each and every allegation in the Petition.

2. Admits that Defendant is domiciled in Minneapolis, Minnesota.

3. Denies that there are fees subject to being split under the terms of the alleged contract. Denies the Petitioner and other "attorneys" met their obligations to the litigation under the terms of the alleged contract.



4. Admits Petitioner is one of the Attorneys entering into the alleged contract.

5. Specifically denies the allegations of Paragraph 4 of the Petition.

6. Denies that Petitioner performed services in relation to the AcroMed cases, as alleged in Paragraph 5 of the Petition, which were the only cases generating revenue in the pedicle screw litigation. Specifically denies that Petitioner has fulfilled his obligations to the Advanced Spine cases, which remain unresolved, and to the Smith Nephew cases, which are settled and unpaid. Specifically denies that Petitioner met his obligation to the Sofamor Danek cases, which were settled by the Plaintiffs Management Committee and which, because of the actions of Attorneys, were excluded from the settlement by Plaintiffs Management Committee of the Sofamor Danek cases.

7. Specifically denies that Defendant received attorneys fees in connection with the AcroMed cases, and alleges that all revenue received was in the nature of litigation costs, to which Defendant was entitled under the contract.

8. Specifically denies an amicable demand for payment of fees by Petitioner or any of the other Attorneys to the contract. Rather, specifically alleges that on December 20, 2000, notice of the claim for litigation costs under the contract was given to one of the Attorneys, on behalf of all contracting attorneys. No objection to the offset was claimed.

9. Specifically denies the allegations of paragraph 8 of the Petition.

10. Alleges that an accounting has already been provided to one of the Attorneys on behalf of all Attorneys to the contract, as demanded by Paragraph 11 of the Petition.

11. Denies this Court has jurisdiction to Order placement of any funds into the registry of the Court.

12. Denies the enforceability of the alleged contract.

As and for affirmative defenses, alleges as follows:

1. That any fee dispute arising from the contract with Plaintiff is governed by the Minnesota State Bar Association, and its rules and procedures.

2. That the proper jurisdiction for this matter is the United States District Court for the Eastern District of Pennsylvania, pursuant to MDL 1014, and specifically Pre-Trial Order 1117 therein. Plaintiff actively took the position that the proper jurisdiction for fee disputes concerning this litigation was the Eastern District of Pennsylvania. Plaintiff took this position in *O'Shea v. Fayard, No. 426704, Court of Common Pleas, Cuyahoga County, Ohio.*

3. That notice of an offset for litigation expenses was given to and on behalf of Petitioner on December 29, 2000, and no objection thereto was made. Accordingly, any claim raised by the Petition has been waived.

4. This claim is prescribed by the applicable Statute of Limitations.

5. This claim is barred by the Statute of Frauds, in that there is no written contract signed by Petitioner.

6. That this claim is barred by the defense of waiver and laches.

7. That this claim is barred by offset.

8. That this claim is barred by accord and satisfaction.

9. That this claim is barred by failure of consideration.

10. That this claim is barred by virtue of Petitioner's breach of the contract.

11. That this claim is barred by the Minnesota Rules of Professional Responsibility Rule 1.5(e)(1) and *Christensen v. Eggen*, 577 NW2d 221 (MN 1998). Alternatively, this claim is barred by Louisiana Rules of Professional Responsibility Rule 1.5(e) and La. Rev. Stat. Title 37, Ch. 4, Sec

218.

12. Alleges Petitioner breached his duty with regard to the Sofamor Danek claims, and prevented Defendant's clients from participating in the settlement of those cases, as concluded by the Plaintiffs' Management Committee.

13. Alleges that Petitioner's duties, and therefore only claims, relate to the class action process only.

WHEREFORE, Defendant prays this Petition be dismissed and that Defendant be awarded its costs and attorneys fees herein.

Respectfully submitted,

ZIMMERMAN REED, P.L.L.P.

5/9/03

_____
Ronald S. Goldser - #35932
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400

Attorneys Pro Se

Leefe, Gibbs, Sullivan, Dupre' & Aldous

_____
Jerry W. Sullivan (17159)
3900 N. Causeway Ste 1470
Metairie, LA 70002
(504) 830-3990