

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUN 10  PM 4: 03

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROY F. AMEDEE, JR. | : | CIVIL ACTION NO. 03-1533 |
| | : | |
| | : | SECTION S(1) |
| VERSUS | : | |
| | : | JUDGE:    LEMMON |
| | : | |
| ZIMMERMAN REED, P.L.L.P. | : | MAGISTRATE:    SHUSHAN |

## MOTION TO REMAND

**NOW INTO COURT,** comes Roy F. Amedee, Jr., plaintiff in the above titled and captioned matter, who for the purposes of this Motion to Remand does respectfully represent:

I.

This matter was originally filed in the Twenty Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, on April 11, 2003.

II.

Defendant has improperly removed this matter to this Court in violation of the requirements of 28 U.S.C. § 1441(b).

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
___ Doc. No.__6___

III.

The removal of this matter is improper because: (1) it does not arise under any federal law or statute, (2) because there is no federal law or statute which creates the cause of action sued upon, and (3) plaintiff's right to relief does not depend on a resolution of a substantial question of Federal Law.

IV.

Paragraph 4 of the Notice of Removal alleges that an existing Order issued in MDL No. 1014 constitutes a basis for federal question removal jurisdiction, is an attempt to remove pursuant to the All Writs Act 28 U.S.C. § 1651. The United States Supreme Court in Synenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 123 S. Ct. 366, 154 L. Ed 2d 368, (2002) held that the All Writs Act does not provide removal jurisdiction.

V.

Removal is also improper under diversity jurisdiction, 28 U.S.C. 1332, because the amount in controversy necessary for jurisdiction is less than $75,000 excluding costs.

VI.

For the foregoing reasons, this action should be remanded to the Twenty Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

**WHEREFORE,** Roy F. Amedee, Jr. prays that his Motion to Remand be granted, that this action entitled "Roy F. Amedee, Jr. v. Zimmerman Reed, P.L.L.P.," No. 03-1533 be remanded to the Twenty Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

Respectfully submitted,

ROY F. AMEDEE, JR. (#2449)
AMEDEE & HATCH
2400 Veterans Memorial Boulevard
Xerox Centre, Suite 360
Kenner, Louisiana 70062-8732
Phone: (504) 712-1300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Remand has been served on all counsel of record by placing a copy of same in the U.S. Mail, properly addressed and first class postage prepaid, this _____ day of June, 2003.

ROY F. AMEDEE, JR.

-3-

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROY F. AMEDEE, JR.** | : | **CIVIL ACTION NO. 03-1533** |
| | : | |
| | : | **SECTION S(1)** |
| **VERSUS** | : | |
| | : | **JUDGE:    LEMMON** |
| | : | |
| **ZIMMERMAN REED, P.L.L.P.** | : | **MAGISTRATE:    SHUSHAN** |

### ORDER

**CONSIDERING THE FOREGOING MOTION FOR REMAND:**

**IT IS ORDERED** that the Motion to Remand filed by Roy F. Amedee, Jr., plaintiff in the matter entitled "Roy F. Amedee, Jr. v. Zimmerman Reed, P.L.L.P.," No. 03-1533 **BE AND HEREBY IS GRANTED;**

**IT IS FURTHER ORDERED** that this action "Roy F. Amedee, Jr. v. Zimmerman Reed, P.L.L.P.," No. 03-1533 **BE AND IS HEREBY REMANDED** to the Twenty Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

This _____ day of _____, 2003.

_____
**U.S. DISTRICT COURT JUDGE**

-4-

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROY F. AMEDEE, JR. | : | CIVIL ACTION NO. 03-1533 |
| | : | |
| | : | SECTION S(1) |
| VERSUS | : | |
| | : | JUDGE:    LEMMON |
| | : | |
| ZIMMERMAN REED, P.L.L.P. | : | MAGISTRATE:    SHUSHAN |

## MEMORANDUM IN SUPPORT
## OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Roy F. Amedee, Jr. submits this Memorandum in Support of his Motion for Remand of the above entitled and numbered action to the Twenty Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, pursuant to 28 U.S.C. § 1447.

## PROCEDURAL BACKGROUND

This action was originally filed on April 11, 2003 in the Twenty Fourth Judicial District Court, Parish of Jefferson bearing docket No. 593-187 of that Court.  The Defendant, Zimmerman Reed, was served pursuant to LA R.S. 13:3201 on April 14, 2003, and the affidavit of service was filed pursuant to LA. R.S. 13:3205 on May 5, 2003.  The Notice of Removal was file stamped May 12, 2003, but was not actually entered of record until May 29, 2003.

## ARGUMENT

## GENERAL PRINCIPLES OF REMOVAL JURISDICTION

The Defendant cites federal question jurisdiction, 28 U.S.C. § 1331, for removal under 28 U.S.C. § 1441(b). While diversity of citizenship is not specifically plead, the citizenship of the Defendant is plead, albeit incorrectly. It is axiomatic that federal courts are courts of limited jurisdiction which are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 114 S. Ct. 1673, 1677 (1994). The party who asserts federal court jurisdiction bears the burden of establishing the jurisdiction of the court. *Kokkenen*, 114 S.Ct. at 1677. In a removed action, the removing party bears the burden of establishing the grounds for federal jurisdiction. *Parker v. Brown*, 570 F.Supp. 640 (S.D. Ohio 1983). Doubt as to removability is resolved in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,61 S.Ct. 868, 85 L. Ed.1214, (1941); *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992).

## FEDERAL QUESTION REMOVAL HAS NOT BEEN PROPERLY PLEADED

The apparent sole legal basis for removal of this action to federal court by Zimmerman Reed is federal question jurisdiction, 28 U.S.C. §1331 [sic]. (¶ 4 Zimmerman Reed Notice of Removal).

Zimmerman Reed, P.L.L.P. purports to have removed on the basis of 28 U.S.C. § 1331, rather than 28 U.S.C. § 1441(b). A technical error of failing to specify proper statute authorizing removal may not be fatal to removal if the Notice of Removal contains sufficient factual allegations to support removal jurisdiction, *Harper v. National Flood Insurer's Assoc.*, 494 F.Supp. 234 (D.C. Pa. 1980). Roy F. Amedee, Jr. does not concede that Zimmerman Reed's Notice of Removal contains sufficient factual allegations to support removal jurisdiction. In its Notice of Removal, Zimmerman Reed has plead only conclusory factual allegations and nebulous references to

- 2 -

unidentified federal statutes, Order No. 1117 of MDL No. 1014 and federal common law, none of which support a proper federal question removal.

## THERE IS NO FEDERAL QUESTION JURISDICTION

The propriety of a removal is determined from the face of the complaint under the "well-pleaded complaint" rule. Whether, for purposes of a removal based upon federal question jurisdiction, the claim "arises under" federal law is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction. *Rivet v. Regions Bank,* 522 U.S. 470, 118 S.Ct. 921, 925 (1998). Removal jurisdiction based on a federal question is determined from the complaint as it existed at the time of removal, not as subsequently amended. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983).

Federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2855-2856 (1983). Mere reference to federal law is not sufficient to provide federal question jurisdiction. *Smith v. Industrial Valley Title Ins. Co.,* 957 F.2d 90, 93 (3rd Cir. 1992); *Mangini v. R.J. Reynolds Tobacco Co.,*793 F.Supp. 925, 927 (ND CA 1992). Because removability is itself a federal question, federal law governs construction of the complaint filed in the state court action and the nature of the claims asserted. *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir. 1977).

The Federal question removal jurisdiction mandates that there be a right or immunity created by the Constitution, a treaty, or some meaningful aspect of federal law underlying the claim brought in state court case, and, thereafter, into the federal system by way of removal. The federal question

- 3 -

must be an <u>essential element</u> of the plaintiff's properly pleaded claim for relief[1] and not arise by way of a defense raised to the well-pleaded petition.

The propriety of federal question removal jurisdiction in this case turns heavily on the specific relief sought by the plaintiff in the prayer of his Petition which states:

> **WHEREFORE, your petitioner prays that the defendant be duly served with a copy of this petition and cited to appear and answer same. That defendant be ordered to show cause why it should not be ordered to provide a complete accounting of all funds from Pedicle Screw claims.  Further, Petitioner prays that defendant be ordered to show cause why it should not be ordered to place all funds it has received from Pedicle Screw cases into the registry of this Honorable Court until appropriate disbursement is decided by this Court. That after due proceedings are had, there be judgment in favor of petitioners against said defendant in an amount commensurate with his obligations under the aforementioned Contract herein.**
>
> * * *

The essence of the dispute between the parties herein arises under Louisiana Law of Obligations as a result of a contractual agreement between the Plaintiff and Defendant. The essence of the claim does not require for its resolution any consideration by the trial court of a right or immunity created by the Constitution or federal law.  The prayer requests: 1) an accounting of funds received from pedicle screw claims; 2) that all pedicle screw funds be placed in the registry of the court; and 3) a judgment against the defendant **"in an amount commensurate with his obligations under the aforementioned contract herein".** (emphasis supplied).  Under the well pleaded complaint rule there is no federal question.  The claimed federal question is that Plaintiff's state court claims are subject to a previously existing order in MDL No. 1014.

---

1 *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989); *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 284 7, 77 L.Ed.2d 420 (1983); *Gully v. First Nat. Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

- 4 -

## 28 U.S.C. § 1651

The All-Writs Act (28 U.S.C. § 1651) provides in relevant part:

> (a) The Supreme Court and all courts established by Act of
> Congress may issue all writs necessary or appropriate in aid
> of their respective jurisdictions and agreeable to the usages
> and principles of law.

In *Sygenta Crop Production, Inc. v. Henson*, 537 U.S. 28, 154 L.Ed. 2d 368,123 S.

Ct. 366 (2002), the propriety of a removal of a state action under the All Writs Act  to

protect an order issued in a previous matter in a U.S. District Court came before the United

States Supreme Court.  As here, the defendants sought to remove the state action to the

District Court of Louisiana "to protect"  orders issued by the Southern District of Alabama

District Court.  The defendants alleged the All Writs Act provided federal question under

removal jurisdiction 28 U.S.C. § 1441 to protect prior federal court orders.  The Court

disagreed, and stated its holding:

> [1] In so holding, the Court of Appeals recognized that several
> Circuits have held that the All Writs Act gives a federal court
> the authority to remove a state-court case in order to prevent
> the frustration of orders the federal court has previously
> issued.  See, *e.g., Xiong v. Minnesota,* 195 F.3d 424, 426
> (C.A.8 1999);  *Bylinski v. Allen Park,* 169 F.3d 1001, 1003
> (C.A.6 1999);  *In re Agent Orange Product Liability Litigation,*
> 996 F.2d 1425, 1431 (C.A.2 1993).   It noted, however, that
> other Circuits have agreed with its conclusion that the All Writs
> Act does not furnish removal jurisdiction.   See, *e.g., Hillman
> v. Webley,* 115 F.3d 1461, 1469 (C.A.10 1997).   We granted
> certiorari to resolve this controversy, 534 U.S. 1126, 122 S.Ct.
> 1062, 151 L.Ed.2d 966 (2002), and now affirm.

> The All Writs Act, 28 U.S.C. § 1651(a), provides that "[t]he
> Supreme Court and all courts established by Act of Congress
> may issue all writs necessary or appropriate in aid of their
> respective jurisdictions and agreeable to the usages and
> principles of law."   Petitioners advance two arguments in

- 5 -

support of their claim that removal of the *Henson* action was proper under the All Writs Act: (1) The All Writs Act authorized removal of the *Henson* action, and (2) the All Writs Act in conjunction with the doctrine of ancillary enforcement jurisdiction authorized the removal.    We address these contentions in turn.

First, petitioners, like the courts that have endorsed "All Writs removal," rely upon our statement in *United States v. New York Telephone Co.,* 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), that the Act authorizes a federal court "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."    Petitioners also cite *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 41, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985), for the proposition that the All Writs Act "fill[s] the interstices of federal judicial power when those gaps threate[n] to thwart the otherwise proper exercise of federal courts' jurisdiction."    They argue that the Act comes into play here because maintenance of the *Henson* action in state court in Louisiana frustrated the express terms of the *Price* settlement, which required that "any and all claims" in *Henson* be dismissed.

But *Pennsylvania Bureau* made clear that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  474 U.S., at 43, 106 S.Ct. 355.    The right of removal is entirely a creature of statute and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Great Northern R. Co. v. Alexander,* 246 U.S. 276, 280, 38 S.Ct. 237, 62 L.Ed. 713 (1918) (citing *GoldWashing and Water Co. v. Keyes,* 96 U.S. 199, 201, 24 L.Ed. 656 (1878)).    These statutory procedures for removal are to be strictly construed.    See, *e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (noting that policy underlying removal statutes "is one calling for the strict construction of such legislation"); *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("Due regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); *Matthews v. Rodgers,* 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447 (1932); *Kline*

- 6 -

*v. Burke Constr. Co.,* 260 U.S. 226, 233- 234, 43 S.Ct. 79, 67 L.Ed. 226 (1922).  Petitioners may not, by resorting to the All Writs Act, avoid complying with the statutory requirements for removal.  See *Pennsylvania Bureau, supra,* at 43, 106 S.Ct. 355 (All Writs Act "does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate").

Petitioners' question presented to this Court suggests a variation on this first argument, asking whether the All Writs Act "vests federal district courts with authority to exercise removal jurisdiction *under 28 U.S.C. § 1441.*"  Pet. for Cert. i (emphasis added).  The general removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress specifically provides otherwise. § 1441(a).  Under the plain terms of § 1441(a), in order properly to remove the *Henson* action pursuant to that provision, petitioners must demonstrate that original subject-matter jurisdiction lies in the federal courts.  They concede that the All Writs Act "does not, by its specific terms, provide federal courts with an independent grant of jurisdiction."  Brief for Petitioners 9;  see also *Clinton,* 526 U.S., at 534-535, 119 S.Ct. 1538 (express terms of the All Writs Act confine a court "to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction").  Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441.

[2] Second, petitioners contend that some combination of the All Writs Act and the doctrine of ancillary enforcement jurisdiction support the removal of the *Henson* action.  As we explained in *Peacock v. Thomas,* 516 U.S. 349, 355, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), "[a]ncillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit.' "   Petitioners emphasize that the Southern District of Alabama retained jurisdiction over the *Price* settlement, thus distinguishing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), in which we found ancillary jurisdiction lacking.  They argue that respondent's maintenance of the

- 7 -

> *Henson* action undermined the *Price* settlement and that, in light of the Alabama court's retained jurisdiction, ancillary enforcement jurisdiction was necessary and appropriate. [FN*] But they fail to explain how the Alabama District Court's retention of jurisdiction over the *Price* settlement authorized *removal* of the *Henson* action.   Removal is governed by statute, and invocation of ancillary jurisdiction, like invocation of the All Writs Act, does not dispense with the need for compliance with statutory requirements.

> FN* Petitioners' assertion that removal was "necessary" is unpersuasive on its own bottom.   One in petitioners' position may apply to the court that approved a settlement for an injunction requiring dismissal of a rival action.   Petitioners could also have sought a determination from the Louisiana state court that respondent's action was barred by the judgment of the Alabama District Court.

*Id.* at 369-370

That the All-Writs Act does not provide a basis for federal question jurisdiction removal is now clearly established by the unanimous decision of the Supreme Court.  The only difference in the instant  removal and in *Sygenta*, *supra*, is that the removing defendant in this case did not actually use the words "All Writs Act" or cite 28 U.S.C. § 1651.  However, like in *Sygenta*, supra, the defendant alleges that Order No, 1117 in MDL No. 1014, controls the underlying claims, as in *Sygneta*, supra, the Defendant alleged that a settlement bars  further claims.   The claimed basis for federal question removal jurisdiction is not the basis of a federally created claim or defense. After Sygneta, there is no arguable basis for federal question removal  jurisdiction based upon the existence of MDL No. 1014 Order No. 1117.

- 8 -

## ORDER NO. 1117

Order No. 1117 is the Order which approved a settlement and settlement class for

claimants and the Acromed Corporation. The relevant portion of the order as it relates to

attorney's fees is Paragraph 14, which states in part:

> The Court retains continuing and exclusive jurisdiction for
> purposes of, among other things, approval of the Condition
> Definitions and Compensation Schedule, supervision and
> administration of the Compensation Program, the payment of
> attorneys' fees and expenses and awards to Settlement Class
> Members, and matters concerning claims administration and
> distribution of settlement funds and payment of related fees
> and expenses until the effectuation of the Settlement in
> accordance with the Agreement has been accomplished.
> (emphasis supplied)

The rationale for Paragraph 14 is that the proposed settlement was a limited fund

settlement. The Court retained and, in fact, exercised through its claims administrator

control over the amount of attorney's fees for each claim, and the amount of claimed

expenses each claimant would have to reimburse to each attorney. The settlement has

been effected, the claims determined, and the amount of attorney's fees and court costs

due by each claimant has been established and paid. What is at issue in the removal

action is the distribution of attorney's fees and costs due under a referral agreement

AFTER the MDL determined the attorney's fees and costs to be paid by each claimant.

The Order demonstrates that the MDL did not intend to retain jurisdiction over disputes

regarding division of fees and costs between attorneys. To the contrary, the dispute

between the attorneys in the present case is governed by the applicable provisions of

Louisiana contract law, and is not governed by any Federal Statute, the Constitution of the

- 9 -

United States or Treaty.  Consequently, the proper forum for resolution of this dispute under Louisiana contract law is in the Louisiana state court system.

## DIVERSITY OF CITIZENSHIP

While the Notice of Removal does not specifically plead diversity as a basis for removal, it does purport to recite the citizenship of the parties. However, the Defendant incorrectly analyze the citizenship of itself as a partnership. In *Newport Limited v. Sears, Roebuck & Co.*, 941 F. 2d 302 (5th Cir. 1991), the Court stated:

> [1] Sears vigorously contends that the trial court erred in concluding that there was no diversity between Sears and Newport.  Sears' contention focuses on Carden's discussion of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933), and United Steelworkers v. R.H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). Carden reversed a holding by this court that an Arizona limited partnership is considered for diversity purposes as residing only in the place of residence of its general partners.   In reversing, the Supreme Court grouped all partnerships under the unincorporated association rubric and looked to the residence of all partners, general and limited, in determining diversity jurisdiction.

*Id* at 304.

The Defendant has not properly plead the citizenship of its general and/or specific partners.  Thus, there is an inadequate basis for a claim of removal on the basis of diversity of the parties.

## AMOUNT IN CONTROVERSY

Diversity jurisdiction requires not only complete diversity between all defendants and all plaintiffs, but, also, requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).The matter in controversy

is the pecuniary consequence to the individual dependent on the litigation. *Indemnity Ins. Co. v. First Nat'l Bank,* 351 F.2d 519 (5th Cir. 1965).

Although recent Fifth Circuit case law discussed below has clarified standards to be applied to determine the existence of the requisite jurisdictional amount, the traditional test is based on the long-standing "legal certainty" test. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 83 L.Ed 845 (1938).  The plaintiff's good faith allegations contained in the removed complaint must demonstrate to a  "legal certainty" that the amount in controversy exceeds $75,000.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Dismissal (or remand in the case of removal) is proper where it appears to a legal certainty that the plaintiff's claim is for less than the jurisdictional amount. *Burns v. Andersen*, 502 F.2d 970 (5th Cir. 1974) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).[2] Where, however, the removing defendant cannot show to a legal certainty the existence of the requisite jurisdictional amount, remand must be granted. *Saunders v. Rider,* 805 F.Supp 17 (E.D. La. 1992).

Modern cases have evolved at least three standards for determining the sufficiency of the jurisdictional amount where the removed action does not specify the amount in controversy: (1) the "legal certainty" test, (2) the preponderance of the evidence," and (3) "some reasonable probability."  *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir.

---

[2] A valid defense to plaintiff's action does not affect the value or sum in controversy as determined from the complaint. *Burns v. Andersen,* 502 F.2d 970 (5th Cir. 1974); *Snider v. Madeira Broadcasting, Inc.*, 872 F.Supp. 1191, 1198 (D.C. N.Y. 1995).

- 11 -

1993); 14A Wright. Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d §
3724, n. 21.1-21.3 (1985 & 1996 Supp.)

The Fifth Circuit analyzed the "amount in controversy" problem extensively in
*DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995). *DeAguilar* held that when the
amount in controversy is expressly alleged and challenged, the party seeking remand
must show to a legal certainty recovery of the jurisdictional amount is impossible.  A
plaintiff wishing to rebut a defendant's preponderance of the evidence must show to a legal
certainty that as a matter of law recovery cannot exceed the jurisdictional amount.
*DeAguilar*. However, plaintiff's presentation of rebuttal is not a "burden-shifting exercise."
*Id.* One district court has suggested that the imposition of a requirement on the plaintiff to
rebut the preponderance of evidence presented by a defendant is not a requirement that
should be applied in an unliquidated or non-economic damage case. *Garza v. Bettcher
Industries, Inc.,* 752 F.Supp. 753 (D.C. Mich. 1990).  Here, Defendant has not alleged
jurisdictional amount.

*DeAguilar* appeared to resolve the confusion in the Fifth Circuit courts as to which
of the several standards to apply. *Chouest v. American Airlines, Inc.*, 839 F.Supp. 412
(D.C. La. 1993) (legal certainty); *Saunders v. Rider,* 805 F.Supp 17 (E.D. La. 1992) (here,
however, the defendant cannot show to a legal certainty the existence of the requisite
jurisdictional amount, remand must be granted); *Wilson v. Belin*, 20 F.3d 644 (5th Cir.
1994) (no express standard announced but deemed "facially apparent" from record.);
*DeAguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993) (preponderance); *Printworks, Inc. v.
Dorn Co.*, 869 F.Supp. 436 (D.C. La. 1994) (preponderance).  A Texas district court has

- 12 -

applied a "facially apparent" standard in one case. *Johnson v. Dillard Dep't Stores, Inc.*, 836 F.Supp. 390 (D.C. Tex. 1993).

Furthermore, it is the "object of the suit" which determines the jurisdictional amount in federal courts where "object" does not encompass things which are collateral or incidental to the question raised in the pleadings. *Healy v. Ratta*, 292 U.S. 263, 54 S.Ct. 700 (1934) (citing *Mississippi & Missouri R.R. Co. v .Ward*, 2 Black 485 (1862)). Collateral effects may not be considered in ascertaining whether the jurisdictional amount is sustained, even where collateral decisions may turn on the same question of law. *Healy v. Ratta*, 292 U.S. 263, 267, 54 S.Ct. 700, 702, 78 L.Ed. 1248 (1934). The amount in controversy may also be measured by direct pecuniary value of the right sought by the plaintiff. *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir. 1980), *rev'd and remanded on other grounds*; *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008 (5th Cir. 1979); *Seaboard Finance Co. v. Martin*, 244 F.2d 329 (5th Cir. 1957).

The Fifth Circuit has held that a court may have the parties submit summary judgment type evidence relevant to the amount in controversy where the amount is not sufficiently pleaded or readily apparent from the pleadings. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *DeAguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993); *DeAguilar v. Boeing Co.*, 44 F.3d 1404 (5th Cir. 1995); *Marcel v. Pool Co., 5 F.3d 81* (5th Cir. 1993). In the past, the Fifth Circuit held that a trial court was not required to follow any set procedure in determining whether the jurisdictional amount had been satisfied and that the method was entirely within the discretion of the trial court. *Foret v. Southern Farm Bureau Ins. Co.*, 918 F.2d 534 (5th Cir. 1990).

Where the potential recovery is facially apparent that it could exceed the jurisdictional, remand is properly denied. *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir, 1993) (injuries sustained in automobile accident facially apparent in excess of jurisdictional amount). A mere allegation of matter in controversy in excess of the jurisdictional amount can not overcome the strong presumption against removal jurisdiction where neither the removed action nor the removal petition set forth underlying facts supporting the mere allegation. *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992). Some federal courts require that remand be granted unless the requisite jurisdictional amount appears within the four corners of the papers filed in the state court action prior to removal. *Stransky v. American Isuzu Motors, Inc.*, 821 F.Supp. 1103 and 829 F.Supp. 788 (E.D. Pa. 1993).

## PLAINTIFF HAS MET THE LEGAL CERTAINTY REQUIREMENT.

As Judge Edith Brown Clement noted in *Bourg v. Fireman Fund Insurance Company*[3], a defendant must do more than merely show that the plaintiff could recover more than the jurisdictional amount[4]. Judge Clement admonished that, only if, the defendant meets its burden, should a plaintiff then demonstrate to a "legal certainty" that the amount in controversy does not exceed the jurisdictional requirement[5]. Judge Clement cited *Allen v. R&H Gas Company*[6] for guidance as to the type of proof the Court should

---

[3] 1999 WL 335636 (E.D. La.)

[4] *Bourge* at page 1 citing *DeAguilar II, DeAguilar v. Boeing Co.*, 47 F. 3d 1404 (5th Cir, 1995) at page 1411.

[5] *Bourge* at page 1 citing *DeAguillar II* at page 1412.

[6] 63 F.3d 1326 (5th Cir. 1995)

- 14 -

examine.  Judge Clement explained that the Court must determine whether it is apparent on the face of the plaintiff's state court petition that the plaintiff's claims exceed the $75,000.00 jurisdictional amount.  That certainly is not the case at bar.  Quite contrary, pursuant to Louisiana Code of Civil Procedure Article 893 (A)(1), the plaintiff specifically pled in his state court petition that the claims in question do not meet or exceed the $75,000.00 jurisdictional amount. Judge Clement noted that without specifying every possible avenue of establishing "legal certainty", *DeAguilar II* gives some examples.  One is to file a binding stipulation or affidavit with the complaint.  In *Lopez v. Ford Motor Company, Inc.*, it was noted that under Fifth Circuit jurisprudence, plaintiffs wanting to prevent removal should file a binding stipulation or affidavit with their petition.  However, Judge Clement also wrote that "alternatively, Louisiana plaintiffs can allege that their claims do not exceed the jurisdictional minimum of the Federal Courts pursuant to Louisiana Code of Civil Procedure Article 893(A)(1)."  Unlike *DeAguilar II*, wherein plaintiffs violated the relevant Texas Rules of Procedure, Louisiana Law specifically provides for such a pleading. That is exactly what was done in the case at bar.  This election is tantamount to a binding stipulation or affidavit and therefore satisfies the "legal certainty" requirement.

## CONCLUSION

For the foregoing reasons, Roy F. Amedee, Jr. prays that his motion for remand be granted, and that this action be remanded to the Twenty Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

Respectfully Submitted,

Roy F. Amedee, Jr. (#2449)
AMEDEE & HATCH
2400 Veterans Memorial Boulevard
Xerox Centre, Suite 360
Kenner, Louisiana 70062-8732
Telephone- (504) 712-1300
Facsimile- (504) 71201375

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Remand has been

served on counsel by placing a copy of same in the U.S. Mail, properly addressed and first

class postage prepaid, this _____day of June, 2003.

ROY F. AMEDEE, JR.

- 16 -

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROY F. AMEDEE, JR.** | : | **CIVIL ACTION NO. 03-1533** |
| | : | |
| | : | **SECTION S(1)** |
| **VERSUS** | : | |
| | : | **JUDGE:     LEMMON** |
| | : | |
| **ZIMMERMAN REED, P.L.L.P.** | : | **MAGISTRATE:     SHUSHAN** |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that plaintiff, Roy F. Amedee, Jr., will bring on the

foregoing Motion To Remand before the Honorable District Judge Mary Ann Vial Lemmon

on Wednesday, July 2, 2003 at 10:00 o'clock a.m.

Respectfully submitted,

ROY F. AMEDEE, JR. (#2449)
AMEDEE & HATCH
2400 Veterans Memorial Boulevard
Xerox Centre, Suite 360
Kenner, Louisiana 70062-8732
Phone: (504) 712-1300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Remand has been served on counsel by placing a copy of same in the U.S. Mail, properly addressed and first class postage prepaid, this /0th day of June, 2003.

ROY F. AMEDEE, JR.