UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

---

| | |
|---|---|
| Roy F. Amedee, Jr., | Civil Action No. 03-1533 |
| Plaintiff, | Section "S" |
| vs. | |
| Zimmerman Reed, P.L.L.P., | |
| Defendant. | |

---

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

MAY IT PLEASE THE COURT:

Defendant, Zimmerman Reed, L.L.P., respectfully submits this memorandum in light of a recent decision by the Court that the Court of Appeals in the case of *Michael J. O'Shea, et al v. Calvin Fayard, Jr., et al*, Court of Appeals of Ohio, 8th District, County of Cuyahoga, No. 81791, originally referenced in the Memorandum in Opposition to the Motions to Remand, wherein a decision has been issued by the Court of Appeals in Ohio on August 14, 2003. In that entry[1], the Court of Appeals found that the issue of distribution of attorney's fees had remained under the jurisdiction of the MDL Panel due to the court's express reservation of jurisdiction.

---

[1] A copy of the Decision issued by the Court of Appeal is attached hereto, incorporated herein and identified as Exhibit "A".

4

Furthermore, the Court also recognized that the Defendants had successfully challenged Federal Preclusion in the Pedicle Screw Litigation   On page 5 of the decision, the Court held,

> In their motion to transfer, plaintiffs point out that these same defendants successfully challenged federal preclusion in pedicle screw litigation attorney fees in a suit they brought in a Louisiana state court against several Philadelphia attorneys, which suit alleged non-payment of the contingency fees, as well as libel and slander. At that time, defendants in the case at bar opposed removal to the Philadelphia district court because of lack of subject matter jurisdiction; the federal judge remanded the case back to Louisiana, however, for the reason that the libel and slander claims were state claims.

Finally, the Court held that the only claim involved in the case, like the case before the court at bar, is the issue of nonpayment of fees owed on a contingency contract. The court found that,

> This claim falls under the subject matter expressly reserved by the Federal Court in the ongoing litigation.

Id. at pp. 5-6.

The court found that the claims presented in the case were under the exclusive and contingent jurisdiction of the Federal Court and, therefore, affirmed the trial court's decision as set forth on pages 7-9 of the original Memorandum in Opposition to the Motion to Remand.

5

In light of the continuing and conflicting positions taken by the Brown Group in this matter, the court should deny the Motion to Remand in favor of retaining jurisdiction.

RESPECTFULLY SUBMITTED,

**LEEFE, GIBBS, SULLIVAN, DUPRÉ & ALDOUS**

_____
JERRY W. SULLIVAN (17159)
3900 North Causeway Blvd.
Suite 1470
Metairie, LA 70002
Telephone: (504) 830-3990

RONALD S. GOLDSER (35932)
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record in this proceeding by

       ( )    U.S. Mail, postage prepaid       (X)    facsimile transmission

       ( )    Hand Delivery                   ( )    Overnight Mail

this 20 day of August, 2003.

                                                                JERRY W. SULLIVAN

Roy F. Amadee, Jr., Esq.
2400 Veterans Blvd.
Kenner, LA 70062

7

COURT OF APPEALS OF OHIO, EIGHTH DISTRICT

COUNTY OF CUYAHOGA

NO. 81791

MICHAEL J. O'SHEA, ET AL.,

      Plaintiffs-appellants

vs.

CALVIN FAYARD, JR., ET AL.,

      Defendants-appellees

JOURNAL ENTRY

AND

OPINION

DATE OF ANNOUNCEMENT
 OF DECISION:                       AUGUST 14, 2003

CHARACTER OF PROCEEDING:     Civil appeal from Common Pleas
                                      Court, Case No. CV-426704

JUDGMENT:                         Affirmed.

DATE OF JOURNALIZATION:

APPEARANCES:

For plaintiffs-appellants:

                                      KEVIN T. ROBERTS, ESQ.
                                      The Roberts Law Firm
                                      Suite 450 lakeside Place
                                      323 Lakeside Avenue
                                      Cleveland, Ohio 44113

For defendant-appellee:

CALVIN FAYARD, JR.            JOHN R. CLIMACO, ESQ.
                                      DAVID M. CUPPAGE, ESQ.
                                      Climaco, Lefkowitz, Peca,
                                      Wilcox & Garofoli Co.
                                      1228 Euclid Avenue, #900
                                      Cleveland, Ohio 44115

Appearances continued on next page.


EXHIBIT A

-2-

For defendant-appellee:

GARY A. EATON

MICHAEL R. GREEN

WILLIAM E. SPARKS

GARY A. EATON, PRO SE
1717 East 15th Street
Tulsa, OK 74104

MICHAEL R. GREEN, PRO SE
3739 East 31st Street
Tulsa, OK 74135

WILLIAM E. SPARKS, PRO SE
P.O. Box 52548
Tulsa, OK 74152

-3-

KARPINSKI, J.:

This appeal hinges on the very narrow issue of whether the trial court erred in dismissing the underlying litigation on the grounds that the court lacked subject matter jurisdiction. The trial court's journal entry of September 17, 2002 states:

> DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS *** FILED 06/01/2001 IS GRANTED. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AS THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, PER PRETRIAL ORDER NO. 1117 DATED 10/17/97 AND ISSUED BY JUDGE BECHTLE, RETAINS CONTINUING AND EXCLUSIVE JURISDICTION OVER THE ISSUES RAISED IN PLAINTIFF'S COMPLAINT. CONSEQUENTLY, ALL CLAIMS IN THIS ACTION ARE DISMISSED. PLEASE REMOVE FROM ACTIVE DOCKET. FINAL.

The sole assignment of error states:

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE COMPLAINT BASED UPON LACK OF SUBJECT MATTER JURISDICTION.

The parties to this litigation are all attorneys who worked on a nationwide class action suit against the various manufacturers of pedicle screw implants, a medical device, which later failed. This litigation was finally settled on October 17, 1997 in federal court.

The plaintiffs-appellants in this case, Michael O'Shea and Lestelle & Lestelle, are attorneys who pursued this litigation for the class in Ohio. After the litigation was settled, they claim, the defendants-appellees, also attorneys working on the litigation, failed to remit to them their share of the contingency fee. Defendants, on the other hand, claim that they have not yet

-4-

received payment either and that the federal court has appointed an administrator to disburse the funds. Defendants contend, therefore, that not only are they unable to share funds they have not yet received, but that this court lacks jurisdiction to address this issue because it was reserved exclusively by the federal court.

In its final order and judgment, the federal court expressly retained exclusive jurisdiction over the distribution of attorney fees. The federal court stated, "[t]his Court reserves continuing and exclusive jurisdiction *** for the purposes of *** the payment of attorneys' fees and expenses ***." at 10.

When subject matter jurisdiction is challenged, the plaintiff has the burden of proving that the chosen court has jurisdiction. *Collins v. Hamilton Co. Dept. of Human Serv.*, Franklin App. No. 01AP-1194, 2002-Ohio-1325; *Linkous v. Mayfield* (June 4, 1991), Scotio App. No. CA1894, 1991 Ohio App. LEXIS 2670. Plaintiffs rely on *Rivet v. Regions Bank of Louisiana* (1998), 522 U.S. 470 to support their contention that lack of jurisdiction is an affirmative defense which must be proven by defendant. The facts and issues in *Rivet* differ, however, from the ones in the case at bar.

In *Rivet*, defendants had filed a motion to transfer a case from state to federal court. Defendants in this case made no such

motion. Rather, they moved to dismiss the case altogether.[1] Additionally, in *Rivet*, defendants relied on the doctrine of res judicata and claim preclusion because the same issue had been decided previously by a federal court. In the case at bar, the issue of distribution of attorney fees has not been completed. In fact, the federal court expressly reserved jurisdiction over the matter. *Rivet*, therefore, is not controlling in the case at bar.

In their motion to transfer, plaintiffs point out that these same defendants successfully challenged federal preclusion in pedicle screw litigation attorney fees in a suit they brought in a Louisiana state court against several Philadelphia attorneys, which suit alleged non-payment of the contingency fees, as well as libel and slander. At that time, defendants in the case at bar opposed removal to the Philadelphia district court because of lack of subject matter jurisdiction; the federal judge remanded the case back to Louisiana, however, for the reason that the libel and slander claims were state claims.

The case at bar contains no state claims. Instead, plaintiffs' only claim is nonpayment of fees owed on the contingency contract. Clearly, this claims falls under the subject matter expressly

---

[1] In appeal at bar, defendants filed motions to dismiss the appeal before oral argument. They claimed that O'Shea had abandoned this appeal because he had filed a similar complaint for attorney fees against them in federal court. In his response to their motions, O'Shea denied abandoning his appeal. This panel denied those motions and proceeded with the appeal on its merits.

-6-

reserved by the federal court in the ongoing litigation. A federal court properly asserts jurisdiction "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent[.]" *Kokkonen v. Guardian Life Ins. Co.* (1994), 511 U.S. 375, 397.

Because the claims presented in this case are already under the exclusive and continuing subject matter of the case in a federal court, the state common pleas court lacked subject matter jurisdiction to hear the case and properly dismissed it.

Judgment affirmed.

-7-

It is ordered that appellees recover of appellants their costs herein taxed. s

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

<u>ANNE L. KILBANE, P.J.,</u>         AND

<u>TIMOTHY E. MCMONAGLE, J., CONCUR.</u>

ANNOUNCEMENT OF DECISION
PER APP. R. 22(B), 22(D) AND 26(A)
RECEIVED

DIANE KARPINSKI
JUDGE

AUG 14 2003

GERALD E. FUERST
CLERK OF THE COURT OF APPEALS
BY_____DEP.

N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).